UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BARBIE PAZ, and ORLANDO PAZ,

Plaintiffs,

vs.                                                                    Case No.:

NCO FINANCIAL SYSTEMS, INC.,

Defendant.
_____/

## COMPLAINT

1. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the FCCPA, and out of the invasions of Plaintiffs' personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiffs.

1

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

5. Plaintiffs, BARBIE PAZ, and ORLANDO PAZ, are natural persons who reside in the City of Hialeah, County of Dade, State of Florida, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NCO FINANCIAL SYSTEMS, INC., (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant NCO regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant NCO regularly collects or attempts to collect debts for other parties.

9. Defendant NCO is a "debt collector" as defined in the FDCPA.

10. Defendant NCO was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from these Plaintiffs.

13. Defendant sought to collect from Plaintiffs an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

14.  In or about approximately June, 2010, Defendant NCO's collectors contacted Plaintiffs by telephone seven (7) times in efforts to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.  During these each of these June, 2010 calls, Defendant left a voice mail on Plaintiffs' answering machine, identifying himself as a debt collector.

## SUMMARY

16.  All of the above-described collection communications made to Plaintiffs by Defendant NCO, and collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), 1692d(5), and 1692f.

17.  The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiffs.

18.  Defendant's repeated disclosures of Plaintiffs' indebtedness to third parties were invasions of their privacy and their right to financial privacy.

## TRIAL BY JURY

19.  Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to these Plaintiffs.

22. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

25. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

26. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded each Plaintiffs' privacy.

27. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

28. Defendant disclosed Plaintiffs' alleged indebtedness to third parties.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

29. The Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

30. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against these Plaintiffs, resulted in multiple intrusions and invasions of

privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Defendant disclosed Plaintiffs' alleged indebtedness third parties.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

32. As a result of Defendant's improper disclosures to third parties, Plaintiffs' reputations were affected.

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant for:

A) Damages and

B)  Attorneys' fees and costs.

B)  Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendant.

Dated:  July 15, 2010                    Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100

Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiffs